**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———

**No. 15-1828**

———

GRETCHEN ALEXANDER, on behalf of herself and on behalf of all others similarly situated,

        Plaintiff – Appellant,

      v.

PELLA CORPORATION, an Iowa corporation,

        Defendant - Appellee.

———

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge. (2:14-cv-00540-DCN, 2:14-mn-00001-DCN, 1:06-cv-04481)

———

Submitted:  April 29, 2016          Decided:  May 5, 2016

———

Before SHEDD and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

———

Affirmed by unpublished per curiam opinion.

———

Daniel K. Bryson, WHITFIELD BRYSON & MASON LLP, Raleigh, North Carolina; Gary Edward Mason, WHITFIELD BRYSON & MASON, LLP, Washington, D.C., for Appellant. Michael T. Cole, NELSON MULLINS RILEY & SCARBOROUGH, LLP, Charleston, South Carolina; John P. Mandler, Aaron D. Van Oort, Nicholas J. Nelson, FAEGRE BAKER DANIELS, LLP, Minneapolis, Minnesota, for Appellee.

———

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gretchen Alexander appeals the district court's orders dismissing her civil suit as untimely and denying her Fed. R. Civ. P. 59(e) motion to reconsider and vacate judgment. Alexander's suit was part of the multidistrict litigation (MDL) involving windows manufactured by Pella Corporation (Pella). Alexander chose to litigate her claims individually while a class action against Pella was pending. The district court dismissed Alexander's claims as barred by the applicable statutes of limitations. Alexander then filed a motion for reconsideration seeking to have her judgment vacated so that she could consolidate her case with the main case proceeding in the MDL, Saltzman v. Pella Corp., 2:14-mn-00001-DCN (D.S.C.) and amend the Saltzman complaint to add claims that would relate back and avoid the timeliness issues of her own complaint. The district court denied the motion for reconsideration. Finding no error, we affirm.

This court generally reviews de novo the district court's grant of a motion to dismiss on statute of limitations grounds. Cruz v. Maypa, 773 F.3d 138, 143 (4th Cir. 2014). We review the denial of a Rule 59(e) motion for abuse of discretion. Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012). Alexander argues that the district court should have tolled the statute of limitations as it applied to

2

her claims so that they could be deemed timely when consolidated with Saltzman; that the court erred in determining that the Saltzman plaintiffs abandoned their Architect and Designer Series claims; and that the court erred in determining that Pella would not suffer undue prejudice if the motion to amend were granted. Pella contends that loss of an affirmative defense constitutes undue prejudice and that, further, it would be prejudicial to Pella to have Alexander avoid the judgment dismissing her claims after the suit had been adjudicated, and that the court did not err in determining that Alexander was not an absent class member.

We have reviewed the briefs and record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. Alexander v. Pella Corp., Nos. 2:14-cv-00540-DCN, 2:14-mn-00001-DCN, 1:06-cv-04481 (D.S.C. Apr. 21 & July 20, 2015).* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

* We note that the district court's order denying the Rule 59(e) motion relied upon its reasons stated in its July 9, 2015 order filed in Saltzman. We have reviewed that order in considering this appeal.

3